UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| MICHAEL HALVERSON | ) | CHAPTER 13 |
| | ) | CASE NO. 07-40121-JBR |
| DEBTOR | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF DECISION

This matter came before the Court for hearing on the Objection of Michael Halverson (the "Debtor") to the proof of claim filed by the Massachusetts Department of Revenue (the "MDOR") and the MDOR's response thereto. [# # 42, 48].

### FACTS

The facts are not in dispute. The Debtor filed an individual Chapter 13 bankruptcy petition on January 12, 2007. The MDOR filed a proof of claim in the amount of $64,172.25 on May 25, 2007. The majority of the proof of claim ($49,236.03) consists of meals tax liabilities for the Debtor's business Bottoms Up Bar & Grill that are not relevant to this decision. The remainder of the proof of claim ($14,936.22) consists of the joint income tax liabilities for tax years 2002-2004 (the "joint tax liabilities") of the Debtor and his spouse (the "non-debtor spouse"). The MDOR's proof of claim classifies the joint tax liabilities as unsecured priority claims. As the non-debtor spouse did not join in the Chapter 13 petition, statutory interest and penalties continue to accrue on her obligation to pay the joint tax liabilities. *Cf. In re Lashley*, 206 B.R. 950, 953 (Bankr. E.D. Mo. 1997) ("[T]he non-debtor spouse's liability on the underlying debt to the creditor is not discharged in the debtor's bankruptcy case, and the non-

debtor spouse's separate assets are not protected by the debtor's allowed bankruptcy exemptions."); *In re Luman*, 238 B.R. 697, 709 (Bankr. N.D. Ohio 1999).

After the Debtor filed his bankruptcy petition, the Debtor and the non-debtor spouse filed joint income tax returns for years 2007 and 2008. The 2007 return generated a refund of $948 and the 2008 return generated a refund of $986 (the "joint refunds"). Pursuant to M.G.L. ch. 62C, § 36, the MDOR offset both refunds to the joint tax liabilities for years 2002-2004.[1] These offsets, however, have not reduced the MDOR's proof of claim because they were applied to the statutory interest and penalties that continue to accrue only on the non-debtor spouse's obligation on the joint tax liabilities.[2]

## POSITIONS OF THE PARTIES

The Debtor asserts that the tax refunds (or at least a fraction of them) were property of the estate and should have been applied to the Debtor's tax obligations. The Debtor contends that such an application requires the MDOR to amend its proof of claim. The MDOR argues that it had the authority to offset the entire refund to the non-debtor spouse's tax obligations which continue to accrue interest and penalties. The MDOR asserts that the proof of claim has not been amended because the interest and penalties that have accrued on the non-debtor spouse's tax obligations exceed the amount of the refunds. The MDOR also points out that if it were required to offset the refunds (or some portion of them) to its claim in the Debtor's bankruptcy case, the

---

[1] The MDOR also offset a $374 refund from the 2006 tax return to the 2002 joint tax liability on March 8, 2007. As this refund was for a taxable period "that ended before the date of the order for relief" and was applied "against an income tax liability for a taxable period that also ended before the date of the order for relief," the offset was excepted from the automatic stay. 11 U.S.C. § 362(b)(26). This offset is reflected in the MDOR's proof of claim.

[2] As the MDOR's proof of claim is unsecured and assuming that the Debtor obtains a Chapter 13 discharge, the MDOR is not entitled to post-petition interest with respect to the Debtor's obligation on the joint tax liabilities. *See, e.g.*, *In re Holway*, 237 B.R. 217, 219 (Bankr. M.D. Fla. 1999) ("[T]he debtor who successfully completes their Chapter 13 plan enjoys this unique ability to pay their tax liability without the penalties and interest normally associated with tax debt. More specifically, the debtor does not pay any postpetition interest or penalties on the unsecured priority claim."); *In re Hageman*, 108 B.R. 1016, 1018-19 (Bankr. N.D. Iowa 1989) (holding that IRS was not entitled to interest on its "unsecured priority claims" during the Debtor's Chapter 13 case.").

2

amount owed by the non-debtor spouse would increase by an amount exceeding what the Debtor would save. According to the MDOR, this would be caused by the statutory interest and penalties that continue to accrue on the non-debtor spouse's obligation to pay the joint tax liabilities.

**DISCUSSION**

The narrow issue before the Court is whether the MDOR can offset 100% of the joint tax refunds to the statutory interest and penalties that are accruing only on the non-debtor spouse's obligation to pay the joint tax liabilities.

The starting point for the Court's analysis is determining what portion, if any, of the tax refunds are property of the Debtor's bankruptcy estate. As the Debtor has filed his petition under Chapter 13, property of the estate includes property the Debtor "acquire[d] after the commencement of the case but before the case is closed, dismissed, or converted . . . ." 11 U.S.C. § 1306; *see also Barbosa v. Soloman*, 235 F.3d 31, 35 (1st Cir. 2000). The post-petition tax refund of a Chapter 13 debtor is unquestionably property of the bankruptcy estate. *See, e.g.*, *United States v. Harchar*, 371 B.R. 254, 268 (N.D. Ohio 2007); *In re Holden*, 258 B.R. 323, 327 (D. Vt. 2000); *In re Schiffman*, 338 B.R. 422, 429 (Bankr. D. Or. 2006); *In re Grissom*, 137 B.R. 689, 690 (Bankr. W.D. Tenn. 1992). This straightforward rule becomes problematic where, as here, two spouses are jointly entitled to the refund but only one of the spouses is a debtor in bankruptcy.

In *In re Trickett*, 391 B.R. 657 (Bankr. D. Mass. 2008), this Court was confronted with the task of allocating a tax refund between the Debtor and his non-debtor spouse in a Chapter 7 case. After analyzing the different approaches followed by the bankruptcy courts throughout the country, the Court adopted the "50/50 refund rule." *Id.* at 661-63. The "50/50 refund rule" splits

3

the tax refund equally between the Debtor and his/her non-debtor spouse. *Id.* at 661; *In re Barrow*, 306 B.R. 28, 31-33 (Bankr. W.D.N.Y. 2004). The Court sees no reason why this rule should not also be applied in a Chapter 13 bankruptcy case. Consequently, the Court concludes that half of the joint refunds ($967) are property of the Debtor's bankruptcy estate.

The MDOR maintains that M.G.L. ch. 62C, § 36[3] authorized it to intercept the joint tax refunds and offset them solely to the non-debtor spouse's obligation on the joint tax liabilities. While the MDOR is free to exercise its discretion under M.G.L. ch. 62C, § 36 when a taxpayer is not in bankruptcy, section 362(a)(3) of the Bankruptcy Code stays actions to obtain possession of property of the estate. Here, half of the joint tax refunds were property of the estate, and thus the MDOR's authorization to offset the joint tax refunds pursuant to M.G.L. ch. 62C, § 36 was limited by 11 U.S.C. § 362(a)(3). Although not procedurally before the Court, the Court cautions the MDOR that offsetting tax refunds that are property of the estate not in accordance with the limited exception set forth in 11 U.S.C. § 362(b)(26) violates the automatic stay. *See Harchar*, 371 B.R. at 268; *United States v. Norton*, 717 F.2d 767, 769 (3d Cir. 1983).

The MDOR states that applying the joint tax refunds to its proof of claim will ultimately hurt the Debtor and his non-debtor spouse financially because the statutory interest and penalties that accrue on the non-debtor spouse's obligations will increase by an amount greater than what the MDOR's proof of claim will decrease. While this may be true, it was the non-debtor spouse's decision to not join in the bankruptcy petition. The Court cannot permit property of the

---

[3] M.G.L. ch. 62C, § 36 provides in relevant part that:

> If, on the verification of a return or otherwise, the commissioner [of the MDOR] determines that an overpayment of the full amount of any tax, and interest and penalties thereon, due with respect to such return has been made by the taxpayer, the amount of such overpayment may, in his discretion, be deducted from *any* unpaid amounts of other taxes due from the taxpayer.

4

estate to be channeled out of the estate to the detriment of the Debtor's creditors simply because it may benefit a non-debtor spouse who is not before this Court.

## CONCLUSION

As the Court has determined that half of the joint refunds are property of the bankruptcy estate, the MDOR shall turnover $967 to the Chapter 13 Trustee or promptly seek permission from this Court to take any other action not inconsistent with this decision.

Dated: July 20, 2009

By the Court,

*/s/ Joel B. Rosenthal*

_____
Joel B. Rosenthal
United States Bankruptcy Judge

5